IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, )<br>)<br>                          Plaintiff, )<br>)<br>vs. )<br>)<br>8117 Spring Street, Anchorage, Alaska; )<br>AND 6500 Rockridge Drive, Anchorage, )<br>Alaska, )<br>)<br>                          Defendant. )<br>_____ ) | Case No. 3:06-CV-00116 (RRB) |

## MOTION FOR STAY

Comes now, Linda and Charles Ronan, by and through attorney Robert M. Herz, of the Law Offices of Robert Herz, P.C. and hereby moves to stay the above entitled actions until any criminal investigation now underway or contemplated and any subsequent criminal charges brought pursuant to such investigation, if any, are resolved. This motion is made pursuant to amendment V, United States Constitution, and 18 U.S.C. §981(g)(2) and 21 U.S.C. § 881( i).

The above entitled actions, initiated by the federal government to forfeit two residences owned by the Mr. and Mrs. Ronan, arise from an investigation beginning on or about April 18, 2005. See, Affidavit of Kurt Kornchuk APD/DEA Task Force officer in support of Verified Complaint for Forfeiture, page 3 [hereinafter "Kornchuk Affidavit"]. Attached as Exhibit A. A search warrant was executed at 8117 Spring Street on November 26, 2005 by DEA task force members and DEA agents. Kornchuk Affidavit page 7. Another search was executed on November 26, 2005 at the Rockridge residence. Kornchuk Affidavit page 8. Both searches revealed that marijuana growing operations located at each residence. James Kirk Short, who resided at the Rockridge residence, was arrested at that time.

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

Subsequently, Short was prosecuted by the federal government, became a cooperating witness, and was sentenced to prison for a period of time. See, U.S. v. Short, 3:05-cr-114-RRB. It is believed that Shon Dozark the resident at the Spring Street residence was prosecuted as well. The Ronans are not aware of any other prosecutions stemming from these searches.

Almost thirty months have now elapsed since the searches were executed and over three years since the initial investigation began. No criminal charges have been brought against the Ronans arising from any matters related to the searches noted above, and the Ronans are not aware of any law enforcement contacts or request for interviews. One might be inclined, given the passage of time, to presume the government would know by now whether a criminal investigation against the Ronans is on-going, and whether the Ronans are a target or are suspects in any criminal investigation. One might also be inclined to believe that Ronans are neither targets or suspects given how much time has elapsed.

The Ronans received on April 14, 2008, the government's Notice of Taking Depositions. Attached as Exhibit B. The government set 9:00 a.m. May 21, 2008 for the date and time for the depositions of Linda and Charles Ronan. Out of an abundance of caution, counsel for the Ronans, on May 6, 2008 requested written confirmation from the government that the Ronans were not targets or suspects in any criminal investigation. See attached letter, Exhibit C. The government replied on May 14 that no "clear and unequivocal determination" is forthcoming. See attached letter, Exhibit D

The Ronans enjoy a constitutional privilege to not testify or make any statements that might incriminate them. The privilege is available to those who claim innocence because one of its basic functions is to protect innocent men, "'who otherwise might be ensnared by ambiguous circumstances.'" Ohio v. Reiner, 532 U.S. 17, 121 S.Ct. 1252, 1254, 149 L.Ed.2d 158 (2001) quoting Grunewald v. U.S., 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

When circumstances arise that implicate a fifth amendment privilege in the context of civil forfeiture cases Congress has provided that such civil actions must be stayed. 18 U.S.C. §981(g)(2) provides that upon motion of the claimnant, the court *shall stay the civil forfeiture proceeding* with respect to that claimnant if the court determines that:

(A) the claimnant is the subject of a related criminal investigation or case;

(B) the claimnant has standing to assert a claim in the civil forfeiture proceeding; and

(C) continuation of the forfeiture proceeding will burden the right of the claimnant against self-incrimination in the related investigation or case.

Id. (emphasis supplied). One of the primary reasons for this provision in the statute is to avoid placing the defendant in a position where in order to defend his property he must effectively waive his privilege against self-incrimination. It is well settled the privilege applies in civil cases at least since the decision of McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924). "By allowing a witness to insist on an immunity agreement before being compelled to give incriminating testimony in non-criminal case, the privilege preserves the core Fifth Amendment right from invasion by the use of that compelled testimony in a subsequent criminal case." Chavez v. Martinez, 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003). To overrule a privilege claim, the challenger must show that is "*perfectly clear*, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot *possibly* have such tendency to incriminate. Hoffman v. U.S., 341 U.S. 479, 488, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)(emphasis in original).

It seems inconceivable that after three years the government cannot inform claimants that any law enforcement investigation is on-going or open, and whether claimants are targets or suspects of such investigation. Here the discovery sought impinges upon claimants' privilege against self-incrimination. When balanced against the government's

putative right to the forfeiture or money judgment, the government's interest is not likely to be substantially prejudiced by the delay in this case. *See*, U.S. v. All Assets of Statewide Auto Parts, Inc. 971 F.2d 896, 905 (2d Cir. 1992)(in light of fifth amendment issues and absent extraordinary circumstances court should grant stay).

The government can always compel testimony by granting a witness immunity in any subsequent prosecution against the use of his testimony or any evidence derived from it. Pillsbury Co. v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); Kastigar v. U.S., 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).  Undoubtedly the government is aware that the grant of use immunity pursuant to 18 U.S.C. §6002 is an effective response to a claimnant's invocation of the privilege in a civil forfeiture case whenever the government has no real interest in prosecuting the claimnant.[1]  However, until the risk of incrimination is passed, the claimnants will refuse to answer any questions and will invoke the privilege. Under the circumstances, this court must stay these proceedings.

DATED at Anchorage, Alaska, this 14th day of June 2006

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

---

[1] It advisable to grant use immunity to avoid a fifth amendment privilege issue where the government desires to avoid a stay until the risk of incrimination has passed. *See*, U.S. v. U.S. Currency, 626 F.2d 11 (6th Cir.) *cert.den.*, 449 U.S. 993 (1980).

**CERTIFICATE OF SERVICE**
I hereby certify that on June 14, 2006, a copy of the foregoing EOP was served electronically on Assistant United States Attorney's Office
s/ Robert Herz

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net